UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PATRICIA MORRIS** | : | **DOCKET NO. 2:13-cv-02514** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **SIMSOL INSURANCE SERVICES, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is the motion to remand, [doc. 12] filed by plaintiff Patricia Morris (hereafter, "plaintiff"). Defendants in this matter are Simsol Insurance Services (hereafter, "Simsol"), Colonial Claims Corporation (hereafter, "Colonial"), and Simultaneous Solutions Inc. (hereafter "Simultaneous Solutions") (hereafter, collectively, "defendants").

Plaintiff argues that removal was untimely and that this court lacks subject matter jurisdiction. Defendants respond that removal was timely because federal question jurisdiction only became apparent upon receipt of plaintiff's second amended petition, which asserted a claim under a Standard Flood Insurance Policy. Defendants argue that this court has original and exclusive jurisdiction over such claims pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Doc. 20, p. 1. Defendants finally argue that this court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's other claims. *Id.*

For the reasons that follow we conclude that subject matter jurisdiction is present and that removal was procedurally proper. Accordingly, IT IS ORDERED that the motion to remand is DENIED.

# I. BACKGROUND

This matter concerns the handling of plaintiff's insurance claim following Hurricane Ike in 2008. Doc. 1, att. 1, p. 5. Defendants Colonial and Simsol are adjusting companies hired by insurers to assist with the adjustment of property claims. Simultaneous Solutions is a software company that provides computer programs for claim adjustment and estimation. Plaintiff claims that, after she submitted her insurance claim, her insurer retained Colonial and Simsol to adjust the claim and that both companies used the Simultaneous Solutions software. *Id.* at 5.

On February 20, 2013, Plaintiff sued Colonial and Simsol in the 38th Judicial District Court in and for Cameron Parish, Louisiana. *Id.* at 4. She later added Simultaneous Solutions as a defendant. *Id.* at 25. Plaintiff alleged that her home in Cameron, Louisiana sustained damage "as a result of wind, rain, and flood" associated with Hurricane Ike. *Id.* She further alleged that, at all relevant times, her home "was insured under a policy of homeowners insurance by Assurant Specialty Property by and through American Bankers Insurance Company of Florida." *Id.* Plaintiff did not name her insurer as a defendant.

Plaintiff's petition alleged that defendants caused her claim to be underpaid by failing to include sales taxes on repair materials in the estimate. Doc. 12, att. 3, p. 2. Plaintiff claimed that defendants misrepresented the inclusion of sales tax, and are therefore liable under Louisiana Civil Code article 2324 and the Louisiana Racketeering Act. *Id.*; *see also* La. Civ. Code art. 2324; La. R.S. § 15:1351 *et. seq.*

On June 24, 2013, Colonial and Simultaneous Solutions jointly filed a dilatory exception of vagueness and ambiguity. Doc. 1, att. 2, pp. 56–62. Simsol filed a nearly identical exception shortly thereafter. *Id.* at 77–82. Defendants requested that plaintiff specify whether her underlying insurance claim was for a flood loss or a wind loss. *Id.* at 60. Furthermore,

defendants requested that plaintiff provide the specific policy and claim numbers connected to the alleged adjustments. *Id.* at 60, 81.

On July 31, 2013, after hearing oral argument, the state court ordered plaintiff to amend her complaint to include the policy and claim numbers. Doc. 1, att. 2, p. 121. On August 7, 2013, plaintiff filed her second amended petition, which identified: (1) a wind damage claim under a homeowner's policy; and (2) a flood damage claim under a Standard Flood Insurance Policy (hereafter, "SFIP") issued pursuant to the National Flood Insurance Program (hereafter, "NFIP"). Doc. 1, att. 2, p. 116.

On August 20, 2013, defendants removed the case to this court. Doc. 1. Defendants assert that this court has original and exclusive subject matter jurisdiction over all NFIP-related claims, including claims against adjusters based upon state law. Doc. 1, pp. 4–10. Defendants also argue that removal was timely under 28 U.S.C. § 1446(b)(3), because federal jurisdiction was not apparent until the receipt of plaintiff's second amended petition. *Id.* at 10–11.

Plaintiff now moves to remand. Doc. 12. Plaintiff argues that subject matter jurisdiction is not present as her claims are "entirely grounded in Louisiana state law" and do not involve the NFIP. Doc. 23, p. 4. Plaintiff further argues that removal was untimely because defendants "were aware and/or had the capability to ascertain that a flood claim was one of several claims adjusted by Defendants by virtue of information provided in Plaintiff's original petition." Doc. 12, att. 3, p. 3. In support of the untimeliness argument, plaintiff points to two allegations in her original petition: (1) the allegation in paragraph 6 that her home sustained "wind, rain, and flood" damage; and (2) the allegation in paragraph 8 that defendants retained "NFIP Services" as a third-party adjuster. Doc. 12, att. 3, p. 4.

Alternatively, plaintiff claims that she provided her insurance policy numbers via an email to Colonial on March 5, 2013.  Doc. 23, p. 3; *see also* doc. 23, att. 1.  According to plaintiff, the information contained in the email triggered the 30-day removal clock, and not the second amended petition, which simply contained the same information.

## II. LAW & ANALYSIS

Two questions are before the court: (A) whether subject matter jurisdiction is present; and (B) whether defendant's removal was timely. For the following reasons, we answer both questions in the affirmative.

### A.  Subject Matter Jurisdiction is Present

Any civil action brought in a State court of which the United States district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a) (2013). District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "If the right to remove is doubtful, the case should be remanded." *Case v. ANPAC Louisiana Ins. Co.,* 466 F. Supp. 2d 781, 784 (E.D. La. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941) (removal is to be construed narrowly and in favor of remand to state court); *Perkins v. State of Miss.,* 455 F.2d 7 (5th Cir. 1972) (same).

### 1. Plaintiff's Claim Implicating the NFIP

Plaintiff's second amended petition made clear that her claim involves an SFIP issued pursuant to the NFIP. Under the NFIP, the director of the Federal Emergency Management Agency (hereafter, "FEMA") is authorized to retain private insurance companies, referred to as Write-Your-Own companies (hereafter, "WYO companies"), to help administer the program. *Moore & Moore Trucking, LLC v. Beard*, 2013 WL 828344 at *3 (E.D. La. 3/6/2013). The WYO companies then directly issue federally underwritten SFIPs to the public. *Id*. Additionally, WYO companies may retain private insurance adjusters companies to handle claims made under the SFIP. *Id*. "In essence, the insurance companies serve as administrators for the federal program. It is the Government, not the companies, that pays the claims." *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.,* 386 F.3d 263, 267 (3d Cir. 2004).

An SFIP, such as the one at issue in this case, is a codified federal law. 44 C.F.R. pt. 61, App. A(1). Neither the WYO companies nor the private adjusters they hire have the authority to alter, vary, or amend any provision of an SFIP. *See* 44 C.F.R. §61.13(d). An insurance adjuster is not authorized to approve or disapprove NFIP claims, or to tell an insured whether the claim will ultimately be approved. 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(7),(8).

The NFIP grants original and exclusive jurisdiction to the United States District Courts over all lawsuits against FEMA or a WYO insurer regarding an NFIP claim. 42 U.S.C. § 4072; *see also Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 185–86 (3d. Cir. 2008). Furthermore, all SFIPs contain the following provision:

> This policy *and all disputes arising from the handling of any claim under the policy* are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . , and Federal common law.

44 C.F.R. pt. 61, app. (A)(1), art. IX (emphasis added).

Federal law preempts all state law causes of action that arise from the handling of SFIP claims by a WYO insurance company. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009) (citing *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005)). In *Moore & Moore Trucking, LLC v. Beard*, 2013 WL 828344 (E.D. La. 3/6/2013), the court held that federal preemption also applies to claims against private adjusters. The *Moore & Moore* court emphasized the provision of article IX of the SFIP mandating the application of federal law to "all disputes arising from the handling of any claim under the policy." *Moore & Moore*, 2013 WL 828344 at *4. The court noted that the plaintiff's state law-claims against the defendant insurance adjusters arose solely from the adjusters' conduct during the course of adjusting an SFIP claim, and that "the substance of plaintiff's petition contests the manner in which the . . . claim was handled." *Id.* at *6*. Therefore, the court held that federal jurisdiction existed over plaintiff's NFIP-related claim under 42 U.S.C. § 4072, or, alternatively, under 28 U.S.C. § 1331. *Id* at *6–*7.

The same jurisdictional determination as in *Moore & Moore* is appropriate here. Plaintiff complains of events that arose solely from the handling of her SFIP claim. Her SFIP mandates that "all disputes arising from the handling of any claim under the policy" are governed exclusively by federal law. 44 C.F.R. pt. 61, App. (A)(1), Art. IX. Although plaintiff phrased her petition in terms of a state law claim for misrepresentation, the substance of plaintiff's claim contests the manner in which her NFIP claim was handled. Plaintiff's state law claim is therefore preempted by federal law, and jurisdiction over that claim is appropriate under 42 U.S.C. § 4072.

Alternatively, we find that federal question jurisdiction would also be appropriate under 28 U.S.C. § 1331. "Federal question jurisdiction exists when 'a well-pleaded complaint

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983). In the instant case, plaintiff's allegation that her NFIP was claim was mishandled necessitates the interpretation of federal law, namely the Congressionally-authorized regulations promulgated by FEMA regarding to the NFIP. As such, her claim "depends on the resolution of a substantial question of federal law," and jurisdiction under 28 U.S.C. § 1331 is appropriate.[1] *See Moore & Moore*, 2013 WL 828344 at *7.

### 2. Supplemental Jurisdiction over Plaintiff's Other Claims

Having found that this court enjoys original jurisdiction over plaintiff's flood-loss claim, it must be determined whether jurisdiction extends over the entire suit.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction when a novel or complex issue of state law is presented, where the state-law claims substantially predominate over the claims granting original jurisdiction, where the court has dismissed the claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367(c).

Here, plaintiff's claim under her homeowner's policy is certainly part of the same case or controversy as the NFIP claim. In fact, the claims are identical insofar as plaintiff makes the

---

[1] Because we hold that jurisdiction is appropriate under 42 U.S.C. § 4072 or, alternatively, 28 U.S.C. § 1331, we need not examine defendant's argument that jurisdiction is warranted under 28 U.S.C. § 1337, which provides federal jurisdiction over any civil action arising under any act of Congress regulating interstate commerce. *See* doc. 1, pp. 9–10.

same general allegations regarding both insurance claims. Supplemental jurisdiction is therefore clearly available under 28 U.S.C. § 1367(a). Furthermore, none of the § 1367(c) justifications for declining jurisdiction are present here. As such, supplemental jurisdiction is appropriate over plaintiff's NON-NFIP claims.

### B. Removal Was Procedurally Proper

Plaintiff argues that removal was untimely under 28 U.S.C. § 1446(b)(1), because the notice of removal was filed six months after plaintiff's original petition. Defendants respond that timeliness is irrelevant because this court enjoys exclusive jurisdiction under 42 U.S.C. § 4072. Alternatively, defendants argue that the 30-day removal clock did not begin to run until plaintiff filed her second amended petition, which explicitly identified the NFIP policy number and thus revealed that federal question jurisdiction existed. Accordingly, defendants assert that removal was timely under 28 U.S.C. § 1446(b)(3), because removal was filed within 30 days of the date federal jurisdiction became apparent.

#### 1. Timeliness is Irrelevant if Jurisdiction is Based on 42 U.S.C. § 4072

Having already found that 42 U.S.C. § 4072 is applicable to the instant case, it follows that the timeliness of removal is irrelevant. *See, e.g.*, *Barefield v. State Farm and Cas. Co.*, 296 F. Supp. 2d. 741, 744 (S.D. Tex. 2003) (declining to consider the timeliness of removal because exclusive jurisdiction existed under 42 U.S.C. § 4072). Although the Fifth Circuit has yet to rule on the issue, we agree with the conclusion of other courts that an NFIP claim, be it against the director of FEMA or a WYO Insurer, must be litigated exclusively in federal court.[2] *See, e.g.*, *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 186 (2d. Cir. 2006); *Van Holt v. Liberty Mut. Fire*

---

[2] Some courts, including the Seventh Circuit, take the view that only suits against the director FEMA are exclusively within federal jurisdiction. *See, e.g.*, *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675 (7th Cir. 2001). We agree with the *Barefield* court's conclusion that if the Fifth Circuit were to address the issue, it would join with the Second Third, and Sixth Circuits' view that exclusive federal jurisdiction extends to suits against WYO companies. *Barefield v. State Farm and Cas. Co.* 296 F. Supp. 2d. 741, 744 (S.D. Tex. 2003).

*Ins. Co.,* 163 F.3d 161, 167 (3d Cir. 1998); *Masoner v. First Comm. Ins. Co.*, 81 F. Supp. 2d 1052, 1056 (D. Id. 2000); *Webb v. Aetna Ins. Co.*, 1997 WL 433500 (E.D. La. 1997).

In *Palmieri* the Second Circuit noted the disagreement over the scope of the jurisdictional grant 42 U.S.C. § 4072, but looked to statutory context and purpose to conclude that § 4072 establishes exclusive federal jurisdiction over suits against WYO companies. 445 F.3d at 186. The court reasoned that WYO companies act as agents of the federal government when administering the NFIP, and that allowing a plaintiff to circumvent federal jurisdiction by simply naming the insurer instead of the FEMA director would render the statute meaningless. *Id.* Accordingly, the court held that all claims for benefits under an NFIP policy, "whether sought from a private insurer or the government, are to be litigated exclusively in federal court." *Id.*

Here, although plaintiff only names two private adjusting companies and a software company, these entities served as agents of plaintiff's WYO insurer who in turn served as an agent of the federal government. Plaintiff seeks to litigate defendants' handling of an NFIP claim, and such disputes must be heard exclusively in federal court. Accordingly, there is no concurrent jurisdiction in state court over plaintiff's NFIP claim, and the timeliness of defendant's removal is of no moment.

**2. Removal Would Be Timely If Jurisdiction Were Based on 28 U.S.C. § 1331.**

Even if jurisdiction were alternatively predicated on 28 U.S.C. § 1331, defendant's removal would still be proper. Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This 30-day period, however, starts to run from defendant's receipt of the original petition only if the original petition affirmatively reveals on its face that the plaintiff is asserting a cause of action based on federal law. *Nixon-Gatlin v. MRC*

*Receivables Corp.*, 2007 WL 2712403 at *2 (W.D. La. 2007) (citing *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)).

In the instant case, the original petition did not contain any statement that a claim under a flood policy was at issue. The two paragraphs cited by defendants mentioning "wind, rain, and flood" and "NFIP services" were separate and unrelated parts of a broad series of allegations. As evidenced by the state court's ruling on defendants' the dilatory exception of vagueness and ambiguity, defendants could not sufficiently ascertain from the petition what type of loss was involved. It was not until plaintiff was ordered to amend her petition that the NFIP claim became apparent. Thus, the removal clock began to run when defendants received the second amended petition, and defendants timely removed within 30 days of that date.

Furthermore, we disagree with plaintiff's argument that the removal clock started upon receipt of the March 5, 2013 email to Colonial. The email was sent directly to a Colonial claims employee, not to defendants' counsel, and simply listed plaintiff's address and policy numbers without any further statement or context. *See* doc. 23, att. 1. Plaintiff has not provided any evidence that counsel for defendant's had any knowledge of this communication or its supposed implications, and we decline to speculate into same. The e-mail was not "unequivocally clear and certain" as to the cause of action being alleged, *Bosky*, 288 F.3d at 211 (5th Cir. 2002)*,* and thus it did not serve as an "other paper" from which the removal clock began to run.

Federal jurisdiction became apparent when plaintiff amended her petition to identify an NFIP claim. Defendant's removal based on 42 U.S.C. § 4072 was proper regardless of when it was filed; but even if removal were based on 28 U.S.C. § 1331, removal would have been timely.

## III. CONCLUSION

Considering the foregoing, IT IS ORDERED that plaintiff's motion to remand, [doc. 12], be is hereby DENIED.

THUS DONE this 16th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE